Today, 2-5-6-2 Ruel v. Wilkie 2-5-6-2 Ruel v. Wilkie Please proceed, Mr. Carpenter. May it please the Court, Kenneth Carpenter appearing on behalf of Teresa Ruel. Also at counsel table is Frances Jackson, who was counsel before the Veterans Court. In this case, Your Honor, there was no explicit denial of DIC or dependency indemnity compensation benefits to Mrs. Ruel made in the VA's August 10, 1984 letter, which appears in Appendix 40. Is that a question of law or a question of fact? I believe it's a question of law, Your Honor. Because? Because it focuses on whether or not this was or wasn't, as a matter of law, an explicit denial. And an explicit denial requires notice to the veteran, or in this case the claimant, of the action that was taken that affected benefits. The failure to make any reference whatsoever to DIC benefits precludes the finding as a matter of law. Because in order to communicate, to put Mrs. Ruel on the... I mean, I agree with you that in the ordinary sense, an explicit denial, you would think it would expressly reference the claim, the DIC claim. Yes. And then say, we're denying that. And that's not what's in that August 10 letter. That's correct. But I'm just trying to figure out whether that analysis I just did is a fact question or a legal question. And just because you say as a matter of law that can't be right, that still doesn't quite suffice for me to know why it's a legal question as opposed to a fact question. Well, as we pointed out in our briefs, there was a specific regulation at 3.103E that required notice. And that that notice explain what they did. There is no explanation in the August 10, 1984 letter of what they did and what the board was permitted to do by the decision below. Maybe for an explicit denial as a matter of law, you have to actually identify the claim you're denying. Maybe that would be the legal matter. At least sufficient to provide notice to the veteran, right? Yes. It could have different names, different words could be used, but it would have to be sufficient to provide notice to the veteran. That's correct, Your Honor. Isn't that an application of law to fact, though? No, I do not believe it is, Your Honor, because we are not talking about something that happened in 1984. We are talking about a retrospective judgment on the part of the board that, in the words of the board and the words of the Veterans Court, construed the language to mean something. There is no legal principle that allows the board in giving adequate notice of an explicit denial to do that by inference, to do that by suggestion. But determining whether something is an explicit denial involves fact-finding. That's at minimum. At maximum, it's application of law to fact. I would respectfully disagree with that analysis, Your Honor, because in this case what we're talking about is informing Mrs. Rule about what happened. Right there, when you say informing Mrs. Rule, isn't this case really about notice? Yes. And it's a constitutional issue as opposed to a question of law or fact? Is dealing with the constitutional issue a due process, whether the explicit or implicit denial provides adequate notice? I think that would be true, Your Honor, if there weren't the VA regulations that we cited in our brief, because the VA regulation at 3.103E is a regulatory obligation to provide notice. Was this in effect at the time of this letter, the burial letter? Was that regulation in effect at the time of the burial letter? Yes, it was. So your view is we do have authority to review interpretations of regulations by the agency? Correct. And the agency is interpreting this regulation in a way for it to suffice to provide notice, even though there's no mention of the claim and nothing in the three-sentence letter, which would convey to any reasonable person that that claim was being resolved in that letter, and that that is really an interpretation of the regulation because it goes to what amounts to notice of the denial. That's correct, Your Honor, and I believe that same analysis applies to the regulation at 3.160 that talks about whether or not a decision has been finally adjudicated. The underlying problem for this— But isn't 3.103E, isn't that a due process regulation? It certainly is, Your Honor, but it is a regulatory due process. But you better start off by saying we have a constitutional issue here as opposed to creating, you know, somewhat doubt as to whether we have the issue you're raising as one of application of law. Well, it's my understanding, Your Honor, that if a case can be resolved on the basis of regulatory or statutory obligations, then it should be resolved on those narrower issues before going to a constitutional argument. The second problem is, is no constitutional argument was raised below. So I would have to— I'm looking at it more also in terms of a jurisdictional hurdle here. If we don't have a question of law, then, you know, according to whether we have jurisdiction, and I just see this—but anyway. Well, but let me follow that up, Your Honor, with the fact that what both the board did and the Veterans Court did by affirming what the board did was to create a rule of law that heretofore has not existed. The notion of an ability to construe language to be an explicit denial. I know of no statute or regulation within this scheme that uses that phraseology, an explicit denial. The notion of an explicit denial comes from 3.103e, where you're putting the veteran on notice so the veteran can know whether or not, in this case, she was required to appeal. And it's that failure to appeal that is the basis for preventing Mrs. Rule from getting the earlier effective date back from the mid-2000s to 1984. This letter obviously doesn't reference the DIC benefits, and, in fact, the DIC benefits were part of a separate application. It's a little confusing, but I understand they become part and parcel of the pension application, whereas the burial application was different from the pension application. So this letter, which is responding to the burial application, it's not even responding to the application for which the DIC benefits would have attached. But when I read these three sentences, I guess what I walk away with is the conviction that what the government is trying to do is, as a matter of law, say, if we make a predicate fact-finding, which we did in the burial denial, the predicate fact-finding being that it wasn't due to service condition, that we have thus explicitly denied all other claims you may have filed, even though not mentioned, even though not tied to the exact same application, if those other claims require that same predicate fact. It's almost as though, as a matter of law, they want to say it's enough for us to explicitly. I mean, I was horrified when I'm like, they didn't even go with implicit denial. They went with explicit, wow, that's a lot of grandiosity right there. So what I was looking at was thinking to myself, the best I can figure for the government is they want a rule of law that if they make a fact-finding with regard to one claim, it then isn't just going to apply as a matter of law to all claims. It's going to serve as notice that all other claims for which that fact-finding would be relevant are likewise decided, even without reference to them. And when the Veterans Court affirmed... Is that a fair... I think that is a particularly accurate and precise description of what the government's, the board's position was here, and then as affirmed by the Veterans Court, which allows something to happen without any notice whatsoever to the claimant. Can I be clear, at no point in time, I've read the record and I don't see it, but perhaps between the two of you, you can tell me if there's something in this record. At no point in time do I see the government arguing or the board finding implicit denial. They find explicit denial, correct? That's correct. How does implicit denial work? It's a little confusing to me. Is it, in fact, the idea that if one claim is denied and there's a predicate fact made to deny that claim explicitly, that predicate fact is necessary for some other co-pending claim of the claimant, and so therefore by adversely making the predicate finding in the explicit denial, you have essentially, the VA has essentially implicitly denied any co-pending claim that that adverse fact finding would control. Is that how implicit denial works? That's my understanding of what implicit denial is intended to be. So then following up on Judge Moore's question, it seems to me that what the government's trying to do or the VA's trying to do is expand the implicit denial theory into explicit denials by saying any predicate fact finding made in explicitly denying one claim should be deemed as an explicit denial of any other co-pending claim that relies on or needs such a predicate fact. That's correct. And to just follow that up, as I understand the explicit denial rule, or excuse me, implicit denial rule, it was predicated upon there having been an explicit denial in a decision. But in this case, there was no explicit denial. Why not? I thought the claimant here was asking for a certain sum for burial reimbursement. She was. And only got like 10% of that and was obviously then denied the remainder. Well, the statutory and regulatory structure for burial benefits differentiates between burial benefits provided to a person who died from a non-service condition, which was at the time Mr. Rule's circumstance. And the explanation for why the lower amount was awarded and not the higher amount was because he did not die from a service-connected condition, as was determined in 1984. And that was a correct determination. Had he died from a service-connected condition, he would have been, excuse me, she would have been entitled to a higher rate of burial benefit reimbursement. And that's found in both statute and regulation. Let me ask you another question about the implicit denial doctrine. Does the implicit denial doctrine satisfy that regulation of notice 3.103, I think, where it says you have to be notified as to, you know, that a particular claim was adjudicated? I think necessarily the implicit denial doctrine must be premised on the idea that there is, in fact, sufficient notice even though you haven't been explicitly told that the claim has been denied. That's correct, because the issue in both implicit denial generally, and this case specifically, was notice. And as I believe this Court said in Adams, that the fundamental function of the implicit denial rule is one of notice. Right, but here the implicit denial doctrine has no play. It's completely out of this case. Wasn't argued, right? No, that's correct. The assertion has always been that this was an explicit denial. Well, and that's where they created a new rule of law for an explicit denial as a basis that heretofore did not exist. And then the Veterans Court permitted that by affirming it. And that's why I believe this Court has jurisdiction and why this Court should reverse the decision. Okay, Mr. Carpenter, you only have two minutes left, so let's hear from the government before we use up all your rebuttal time. Good morning, Your Honors. May it please the Court. This is an appeal of a Veterans Court decision affirming a board finding the appellant is not entitled to an early or effective date. This matter is not within the Court's limited jurisdiction. This matter only concerns the application of law to fact and findings of fact. Well, I think you were here when we were having the conversation with Mr. Carpenter, so you heard what we were discussing with him about the idea that the only plausible theory for why the Board and the Veterans Court could conclude that what happened with the August 10 letter is an explicit denial is that there was a predicate fact finding made for burial reimbursement, a completely different claim, that applied to the DIC claim. And that is the only way there could be an explicit denial. There was no actual reference to a DIC claim in that August 10 letter. And so the question is, as a matter of law, is that really a defensible rule to claim that something is an explicit denial? Your Honor, that would not be a rule of law. That is the application of law to fact. The Veterans Court did not create a new standard for notice, did not state any new rule for what the law in 1984 required of a notice to a veteran. It simply found, as it upheld the Board, and the Board said the evidence supports this finding that there was an explicit denial. It read the letter, the context of the letter, what forms had been submitted, what the language used was, and determined that that is sufficient to— Do you know where the explicit denial is of the DIC claim? Because obviously there's no reference to the DIC claim. The August 10 letter does not say this is for the DIC claim. It says the evidence does not show that the veteran's death was due to a service-connected condition. So why is that an explicit denial of a DIC claim? The Board and the Veterans Court and how it understood that language in terms of what the facts, in terms of how it was read in context, and the fact that there is notice of procedural and appellate rights, considered that to be sufficient as an expressed denial. Why would that be only an explicit denial of additional burial reimbursement rights? The Board and how it read the language determined that it was not in however way they were reading. It was not an implicit denial in the burial rights. You see our problem, right? We can't see anything in there. There's no earthly way of reading an explicit denial here in that August 10 letter of the DIC claim. I understand that position. The government's position here is that the finding of what that letter meant and how it should be read is a finding of fact in the application of law to fact. Why isn't that an interpretation of a statute, I mean a regulation, and that's what we're doing? Because all the Veterans Court did was apply pursuant to the cases Fournier and Natalie versus Principi. The law in 1984 did not require a statement of reasons and bases. But didn't it require notice? Didn't 3.103e require notice of the denial? Yes, there is required notice of the denial, and they felt it fit into that rubric. Wait, so if they had announced, suppose this is the way the opinion read, the Board and the Veterans Court, suppose it read 3.103e requires notice of a denial. We conclude that when denial of one claim articulates a fact finding, which would likewise result in the denial of other claims, those other claims are therefore expressly denied, and that absolutely satisfies the notice of the denial requirement of 3.013e. Namely, suppose the decision said we are rendering an interpretation of 3.103e, which says notice is satisfied as a matter of law when you mention a fact in one claim that would result in denial of other claims. Would that be an interpretation of 3.103e if framed that way by the Veterans Court? If that was an interpretation of 3.103e that was not applying law to fact, then that could be. But wait, I guess I'd love for you, your position makes it such that there's no such thing as an interpretation of whether there's adequate notice. You'd give me, please, an example of what would be a Veterans Court interpretation of adequate notice under 3.103e that we would be allowed to review. In 3.103e, if they apply, if they use the terms of the statute, I'm sorry, the regulation, and said that something that is other than what the case law of this court or its previously understood regulations, if there was something that was contrary to that and they said that was permitted, if that was an interpretation that they used, that would be reviewable. Let me give you a poor example, the word notice. If they say the word notice, we interpret the word notice as including even a hint that we're not agreeing with the claim. That would be reviewable by us, right? I'm sorry, Your Honor, I'm not sure I understand. If the Veterans Court said a veteran has noticed that we're denying a claim, if we even hint in an opinion that we're denying a claim, that would be an interpretation of the word notice, and I would have the right to review that on appeal, wouldn't I? I believe that would be correct, Your Honor. But I guess that's what it feels to me like they did in this case almost exactly, is they denied one claim, higher burial rights that she sought, by making a fact finding. And then they said that fact finding amounted to notice that other claims were denied. And maybe it's a little more than a hint, it's a fact finding, not so much a hint, but it's really the same thing. And the fact that they didn't call it an interpretation in their opinion makes it no less so, is my problem. Correct. I mean, yes, obviously, Your Honor, the word interpretation does not need to be in the decision for this court to have jurisdiction. But as we state in our briefs, for example, the cases Jelps and Mayfield, those show that if there is a situation where the question is whether language in a letter or a decision is sufficient to meet an already established test, that's simply a fact finding matter that this court does not have jurisdiction over. What are the elements of an explicit denial in the government's view? Would it include a reference to the claim that's being denied? I don't believe there is a specific case or statute that says the claim has to be named. I think it's sufficient for the veteran to be understood that the benefits are not going to be received or to appeal that. So there's some inference, perhaps, in the letter from VA that can rise to a level of being an explicit denial? In other words, something implicit in the context of the letter? Implicit equals explicit? Well, the implicit denial doctrine is not per se an application of due process. So just going in that box, there's no law that the claim has to be specifically named. However, for implicit denial, I agree. I'm trying to figure out explicit denials and what the government thinks constitutes an explicit denial and whether implicit denials in the context of a letter is good enough to be deemed an explicit denial. That doesn't really make sense to me. In this case, that sentence, the evidence does not show that the veteran's death was due to a service-connected condition denies the specific factual basis for having a DIC claim in the first place, which is a finding of service connection. You cannot be awarded DIC if the claim is not service-connected. For example, in the implicit denial cases, a lot of the cases are if they just deny a claim for a foot problem. What disabilities does that fall within? What does that refer to? What you just said almost verbatim fits into my concern about notice under the regulation. The regulation requires notice, and what you just said is that sentence about the evidence doesn't show service-connected condition is a necessary requirement for a DIC claim, and thus if we say that, you've got notice that we've denied your DIC claim. That's the problem. What you just said fits exactly into my concern that this very much is a regulatory interpretation. Just the word interpretation wasn't used, but what you're really asking for is a new rule of law that says notice is satisfied when a predicate fact is decided in one claim. It provides notice that any other pending claims that might also require that predicate fact have now been explicitly denied. That's the rule of law I feel like you're asking for in this case. Well, Your Honor, the concept of what the burial, the August 10th letter, the concept of what that meant and what claims that is specifically referring to is an issue of fact. The question of... But no, not what the word notice means in 3.103e. That's not a question of fact. No, Your Honor, but the board and the veterans might... The question is, did the board and the veterans court create a new rule of law that something else was being created that was not previously the established understanding of the law, or were they taking the law in 1984 and saying this letter satisfies it? Obviously, our position is that it's the latter, and I think the board and the veteran court felt they were purporting to do the latter. I understand that Your Honor disagrees, but in this situation, they simply stated the law in 1984. She was given a sufficient statement of reasons as basis under the law in 1984. So after 1984, are we or is the agency to infer all other, whether there's a denial or not? I'm sorry, Your Honor? After 1984, is the agency to infer whether there's been a denial or not with respect to those questions? Well, the issue is that in pre-Natalie v. Prince Sippy, the understanding of what was required to provide a veteran notice and denial is different than how we understand it today. This seems to me you're building an element of inference in your argument of explicit denial. All right. Yes, the question is this statement in the August 10th letter. It's not inferring what the fact question was. It's that the statement of the evidence is what is needed to deny the DIC claim, plus the notice of the procedural and appellate rights. So the question of, well, it's in a letter talking about burial benefits, is within the board and the veterans court's factual understanding of how that context should be understood. The board and the veterans courts are the ones making the inferences about factually how this should be understood. But if you're making an inference, then it cannot be an explicit denial. It has to be an explicit denial. Well, I think it's an understanding that the context is what makes it the explicit denial, and that's their fact finding is what the evidence showed about that letter. I think we've covered this ground. Do you have anything else you want to hit on, or do you want to let Mr. Carpenter have his remaining rebuttal time? I will just say, even if the court would exercise jurisdiction, just simply to point out that in the briefs, the arguments regarding the formation of the DIC claim are not relevant to what the issue is here. The government has conceded that there is a DIC claim in this case, and there's no reason for us to reach that, correct? Correct. We're not saying anything. We acknowledge that the submission of the death benefits form, as a matter of law, created a DIC claim. So there's no issue if the burial benefits form created that or if something else created that. The death benefits form, pursuant to statute and case law, is also a DIC claim. So the formation question, again, is not relevant, and I will conclude then and say that the court should affirm. Thank you. Okay, thank you, Mr. Kruiser. Mr. Carpenter, you have a little bit of rebuttal time left. Your Honor, I don't have anything further to offer unless there's further questions from the court. Yeah, just one quick question. I want to make sure that we both understand that implicit denials satisfy the notice requirement of 3.103E? Yes. So then why is it that what happened here is some kind of, I don't know, impermissible interpretation of 3.103E? Because the implicit denial is predicated upon an explicit denial of another benefit that is reasonably close to that benefit and requires that underlying fact. So there was an explicit denial on Claim 1, and Claim 2 was also implicitly denied but not explicitly denied. Can I give you an example? Suppose a pension denial had not said because she makes too much money but instead said because she's not service-connected. Is that a scenario where, had there been both a pension and a DIC claim pending at the same time, if both of them had required service connection, a single decision resolving a single application which has two claims that both require the same predicate fact, that might be a scenario where implicit denial could be said to exist? I mean, I realize there could be other facts that point one way or the other, but is that what you're meaning to suggest? Yes. In her request for reimbursement for burial costs, did she make a claim that there was service connection, that death was service connection? No, Your Honor, I do not believe she did. I believe all she did was to indicate the amount of money that was expended for her husband's funeral. And they responded that you're eligible for burial benefits because his death was not from a service-connected condition at the lower rate. Because she didn't indicate that it was service-connected. No, no. Even if she had not indicated, but he in fact died from a service-connected condition, then she would be entitled to the larger burial benefit amount. Let me be really clear just about all of that. It's an application, right, not a letter. I remember seeing an application form. I don't remember even seeing a box on it where she would have designated service connection at all. So it wasn't for her to assert one way or the other at that point whether he was service-connected. So your view, if I understand it, was technically they didn't deny anything she requested. Correct. They granted her burial benefits. Now, did they grant her the most that maybe any person could have gotten under different facts? No. But that didn't amount to a denial of anything she requested. That's correct. Okay. I understand. But she didn't get everything that she requested. No, no. She didn't get everything that she could have been entitled to. As Judge Moore pointed out, there is no request in the application form to distinguish between the higher and the lower amount. Right, but she got a lower amount. She got $150 because the VA concluded that the death was not service-connected? That's correct. And how did they reach that conclusion? We don't have any idea. They didn't share that with us. I honestly don't know. But I would correct you that actually she got $300. She got $150 for the internment and $150 for the marker. And if you'll note in the record, it says $150 twice. So she got the maximum benefit that was available to someone whose death was not the result of a service-connected condition. And that was the beginning and the end of the discussion in that letter with no reference, no mention whatsoever to DIC. Okay. Thank you, Mr. Carpenter. We thank both counsel. The case is taken under submission.